**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

TYRONE CRAIG,

                Petitioner,

     v.                                            No. 15-CV-384
                                                        (GLS/CFH)

WILLIAM J. CONNOLLY,

                Respondent.

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                                 **OF COUNSEL:**

Tyrone Craig
Petitioner Pro se
12-A-4260
Fishkill Correctional Facility
P.O. Box. 1245
Beacon, New York 12508

Hon. Eric T. Schneiderman                  LISA ELLEN FLEISCHMANN, ESQ.
Attorney General of the                       Assistant Attorney General
    State of New York
Attorney for Respondent                       THOMAS B. LITSKY, ESQ.
120 Broadway                                       Assistant Attorney General
New York, New York 10271

**REPORT-RECOMMENDATION AND ORDER**[1]

      Presently pending before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by petitioner pro se Tyrone Craig ("Craig" or "petitioner"), an inmate currently in the custody of the New York State Department of Corrections and

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Community Supervision ("DOCCS"). Dkt. No. 1 ("Pet.") at 1. For the reasons explained below, Craig's petition is barred by the one-year statute of limitations applicable to a federal habeas corpus petition, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Thus, the undersigned recommends that Craig's petition be denied s untimely.

## I. Background

On June 1, 2012, Craig was arrested after fleeing a Motel 8 in Kingston, New York. Dkt. No. 13 at 3. Upon conducting a search warrant of the room in which Craig and his girlfriend, Diesha Coddington, had occupied, the police uncovered 16.4 grams of heroin, as well as paraphernalia used for the packaging and sale of the drug. Id. On July 27, 2012, Craig signed a waiver of indictment, agreed to plead guilty to a Superior Court Information charging him with Criminal Possession of a Controlled Substance in the Third Degree (New York Penal Law § 220.16[1]), and waived his right to an appeal. State Record ("SR")[2] at 8-9, 170-71 (Dkt. No. 15-1); Pet. at 4. One month later, on August 27, 2012, Hon. Donald A. Williams, Ulster County Court Judge, sentenced Craig to a term of imprisonment of eight (8) years with three years of post-release supervision. SR-26; Pet. at 1.

Approximately one year and one month following his sentencing, on October 31, 2013, Craig filed a Notice of Motion to vacate the judgment pursuant to New York Criminal Procedure Law ("N.Y. Crim. Proc. Law") § 440.10 in the New York Supreme Court, County of Ulster. SR-29; Pet. at 3. The motion was denied in its entirety by Order dated January

---

[2] "SR" refers to the State Court Records filed by Respondent. Dkt. No. 15.

30, 2014. SR-142; Pet. at 3. The Appellate Division, Third Department denied Craig's application for leave to appeal, pursuant to N.Y. Crim. Proc. Law § 460.15, on April 18, 2014, and denied his subsequent application for reconsideration on June 2, 2014. SR-176, 181. The Appellate Division also denied Craig's motion for a writ of error coram nobis, and his motion for an extension to appeal his judgment pursuant to N.Y. Crim. Proc. Law § 460.30 on May 15, 2014, as well as his subsequent motion for reconsideration on August 13, 2014. SR-224, 291. On December 23, 2014, the New York Court of Appeals denied Craig's motion for leave to appeal the Appellate Division's denial of his motion for a writ of error coram nobis. SR-233.

## II. Procedural History

Craig filed this habeas petition on March 22, 2015. Pet. at 18.[3] On August 3, 2015, Respondent requested this Court to limit Respondent's answer to the issue of whether the habeas petition is barred on procedural grounds, specifically, whether Craig filed the petition within the one-year statute of limitations promulgated by 28 U.S.C. § 2244. Dkt. No. 11. The Court granted Respondent's request by Order dated August 4, 2015. Dkt. No. 12. Respondent subsequently submitted his Answer and Memorandum of Law in Opposition to the habeas petition on August 28, 2015, arguing that the petition was untimely, that plaintiff failed to demonstrate that he is entitled to equitable tolling, and that plaintiff failed to make a

---

[3] Craig's petition was received by the Clerk's office on April 1, 2015. Pet. at 1. However, it is well-established in the Second Circuit that "due to the unique difficulties faced by incarcerated pro se litigants, a prisoner's pleading is deemed to be properly filed at the time he or she hands the papers to prison authorities for transmittal to the court." Salerno v. People of NYS, No.9:98-CV-1187 (TJM/GLS), 2002 WL 31741253, at *2 (N.D.N.Y. Dec. 5, 2002) (citing Dory v. Ryan, 999 F.2d 679, 681-81 (2d Cir. 1993), modified on reh'g, 25 F.3d 81 (2d Cir. 1994)). Thus, the Court finds that Craig commenced this action on March 22, 2015, at the time he signed the petition.

gateway showing of actual innocence. See generally Dkt. Nos. 13, 14.

## III. Discussion

### A. Timeliness

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of a direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claims or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For purposes of the present motion, 28 U.S.C. § 2244(d)(1)(A) is relevant. 28 U.S.C. § 2244(d)(1)(A). "Pursuant to the AEDPA, a prisoner must file a habeas petition challenging

a state court judgment of conviction within one year of the date the judgment of conviction becomes final." Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002) (citing 28 U.S.C. § 2244(d)(1)(A)). N.Y. Crim. Proc. Law § 460.10(1)(a) governs the time in which a notice of appeal must be filed following a conviction and provides that:

> A party seeking to appeal from a judgment or sentence . . . must, within thirty days after imposition of the sentence . . . file with the clerk of the criminal court in which such sentence was imposed or in which such order was entered a written notice of appeal, in duplicate, stating that such party appeals therefrom to a designated appellate court.

N.Y. CRIM. PROC. LAW § 460.10(1)(a). It is well established in the Second Circuit that a state court judgment becomes final, and the one year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) begins to run, when the petitioner's "time for filing a notice of appeal from his judgment of conviction expire[s]." See, e.g., Bethea, 293 F.3d at 578 (citing N.Y. CRIM. PROC. LAW § 460.10(1)(a)) (finding that where the petitioner was sentenced in state court on March 10, 1999, the judgment of conviction became final on April 9, 1999).

Section 2244(d)(1)(A)'s limitations period will be "tolled during the pendency of a properly filed petition for collateral review in state court[]." Bethea, 293 F.3d at 578 (citing Artuz v. Bennett, 531 U.S. 4, 8-11 (2000), aff'g Bennett v. Artuz, 199 F.3d 116 (2d Cir. 1999)). Furthermore, the "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

Here, petitioner received his state court sentence on August 27, 2012. SR-26; Pet. at 1. Pursuant to N.Y. Crim. Proc. Law § 460.10(1)(a), petitioner had thirty (30) days, until

-5-

September 26, 2012, to timely file a notice of appeal. N.Y. CRIM. PROC. LAW § 460.10(1)(a). Petitioner did not file a notice of appeal on or before September 26, 2012. See generally Pet. Therefore, the time for filing a notice of appeal expired, petitioner's judgment of conviction became final, and the one year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) began to accrue on September 26, 2012. 28 U.S.C. § 2244(d)(1)(A); Bethea, 293 F.3d at 578 (citing N.Y. CRIM. PROC. LAW § 460.10(1)(a)). As a result, petitioner had until September 26, 2013 to timely file his habeas petition. 28 U.S.C. § 2244(d)(1)(A). However, petitioner did not file his petition until March 22, 2015, nearly a year and a half after the expiration of the statute of limitations. Pet. at 1. Moreover, petitioner did not file his Notice of Motion, pursuant to N.Y. Crim. Proc. Law § 440.10, to vacate the judgment in New York Supreme Court, Ulster County until October 31, 2013—one month after the limitations period for filing the habeas petition had expired. SR-29; Pet. at 3. Thus, Craig's petition for a writ of habeas corpus is barred by the statute of limitations.

### B. Equitable Tolling

Equitable tolling of the limitations period provided in 28 U.S.C. § 2244 "applies only in the 'rare and exceptional circumstance[].'" Smith, 208 F.3d at 17 (citation omitted). A petitioner seeking a writ of habeas corpus is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Rivera v. Clinton Corr. Facility, 590 F. App'x 93, 95 (2d Cir. 2015) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted)). "The term 'extraordinary' refers not to the uniqueness of a party's circumstances,

but rather to the severity of the obstacle impeding compliance with a limitations period." Trombley v. Bosco, No.9:14-CV-01118 (JKS), 2016 WL 6238576, at *4 (N.D.N.Y. Oct. 25, 2016) (citing Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011) (citations omitted)).

Petitioner does not assert that he is entitled to equitable tolling of the limitations period. See generally Pet. However, even assuming, arguendo, that petitioner had raised the issue of equitable tolling in his petition, he would not be entitled to it based on the record before the Court. First, petitioner failed to file his Notice of Motion to vacate his judgment of conviction until October 31, 2013, over one month after the thirty day period set forth in N.Y. Crim. Proc. Law § 440.10(1)(a). SR-29; Pet. at 3. Additionally, petitioner did not file the habeas petition until March 22, 2015, approximately a year and a half after the expiration of the limitations period set forth in 28 U.S.C. § 2244. Pet. at 1. Petitioner's delays, unaccompanied by any explanation or argument setting forth some hindrance to timely filing, does not establish that he pursued his claims diligently. See, e.g., Smith, 208 F.3d at 17-18 ("[Petitioner]'s delays in seeking collateral review of his conviction do not show reasonable diligence.").

Second, petitioner does not allege any circumstances that prevented him from timely filing his petition. See generally Pet. The petition alleges only that he was provided ineffective assistance of counsel, in part, because he was not informed of his right to appeal his conviction, and because counsel did not file a notice of appeal. See id. at 7-8. However, the record is devoid of any indication that petitioner, in fact, instructed his attorney to file a notice of appeal. Moreover, petitioner expressly waived his right to appeal during the plea proceedings, which suggests that these allegations are unfounded. SR-4. Even assuming that petitioner's attorney failed to file the notice of appeal, this would bear no

causal connection to petitioner's independent failure to timely file a habeas petition, and therefore, would not constitute an "extraordinary circumstance." See Tarafa v. Artus, No. 10-CV-3870 (AJN/HBP), 2013 WL 3778795, at *6 (S.D.N.Y. Mar. 11, 2013), report and recommendation adopted as modified, No. 10-CV-3870 (AJN/HBP), 2013 WL 3789089 (S.D.N.Y. July 18, 2013) (holding that there is no causal connection between an attorney's failure to file an appeal upon the demand of the petitioner and an untimely habeas petition). Accordingly, petitioner is not entitled to equitable tolling of the limitations period and his claim is time barred pursuant to 28 U.S.C. § 2244.

### C. Actual Innocence

"[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013). To meet the threshold requirement for establishing a showing of actual innocence, a petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably would have voted to find him guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). The Supreme Court has instructed that this "standard is demanding and permits review only in the 'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006) (citation omitted).

Petitioner alleges that he received ineffective assistance of counsel. Pet. at 7. Specifically, petitioner asserts that his counsel was ineffective because she "mishandled" his Fourth Amendment claim by "fail[ing] to investigate the probable cause" of his arrest and for failing to file "pre-trial motions like discovery" or conduct "pre-plea investigation before

giving petitioner bad advice that he [had] no defense against the charges." Id. Additionally, petitioner alleges that he was "coerced" into pleading guilty by detectives. Id. Aside from petitioner's self-serving statements, he offers no new evidence that would support a finding that petitioner is actually innocent of unlawful possession of heroin with intent to sell, which he expressly pleaded guilty to. SR-4, 12-13. Thus, petitioner has failed to present sufficient evidence required to meet the "demanding" standard to establish a showing of actual innocence. House, 547 U.S. at 538.

Accordingly, the undersigned recommends that Craig's petition for a writ of habeas corpus be denied.

### IV. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that Tyrone Craig's petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED**; and it is further

**RECOMMENDED** that no certificate of appealability be issued with respect to any of Craig's claims as Craig has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.")' see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: December 6, 2016
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge